UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

  Plaintiff,

    v.

THOMAS FRANK LOWELL,

  Defendant.

Criminal No. 80-cr-00257 (CKK)

**MEMORANDUM OPINION**
(April 2, 2019)

Pending before this Court is Defendant Thomas Frank Lowell's [2] *pro se* Motion to Expunge Criminal Record and the Government's [6] Opposition to the Motion. Pursuant to this Court's [7] Order, Defendant Thomas Frank Lowell ("Defendant" or "Mr. Lowell") was permitted to file a Reply to the Government's Opposition, but he did not do so. Mr. Lowell indicates that, although the indictment against him was dismissed in 1980, the criminal charge on his record has been a nuisance when he has "applied for securities licenses," and it has hindered his ability to obtain a "TSA pre-check." Motion, ECF No. 2, at 1. He requests that the Court expunge his criminal record. Upon review of relevant legal authorities and the pleadings made by the parties, the Court shall DENY Mr. Lowell's [2] Motion to Expunge Criminal Record.

**I. BACKGROUND**

Mr. Lowell was arrested on April 29, 1980, and charged by indictment on May 27, 1980, with one count of Unlawful Possession with Intent to Distribute Cocaine. Mr. Lowell pleaded Not Guilty at a hearing before a Magistrate Judge, and on June 27, 1980, the Government moved to dismiss the indictment. The Honorable Barrington D. Parker granted that motion to dismiss. Mr.

1

Lowell now moves to expunge his criminal record. Defendant's Motion to Expunge Criminal Record comes approximately thirty-nine years after the indictment was dismissed, and it is opposed by the Government.

## II. DISCUSSION

"The power to order expungement is part of the general power of the federal courts to fashion appropriate remedies to protect important legal rights." *United States v. Archer*, Criminal No. 07-0029, 2012 WL 5818244, at *1 (D.D.C. Nov. 13, 2012) (quoting *Doe v. Webster*, 606 F.2d 1226, 1231 n.8, (D.C. Cir. 1979)); *see Chastain v. Kelley,* 510 F.2d 1232, 1235 (D.C. Cir. 1975) (federal courts have the power to order the expungement of government records, such as criminal records, "where necessary to vindicate rights secured by the Constitution or by statute.") "Before expunging a criminal record, the Court must find, after examining the particular facts and circumstances of the case, the 'remedy is necessary and appropriate in order to preserve basic legal rights.'" *United States v. Davis*, No. CR. 342-72 (TFH), 2006 WL 1409761, at *2 (D.D.C. May 23, 2006) (quoting *Livingston v. U.S. Dep't of Justice*, 759 F. 2d 74, 78 (D.C. Cir. 1985)).

The court may order expungement where it is required or authorized by statute, or in the exercise of its inherent equitable powers. *Archer*, *supra*. at *1. When the court exercises its inherent equitable power to order expungement it requires "either a lack of probable cause coupled with specific circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances." *Doe*, 606 F.2d at 1230. Here, Defendant cites no specific statutory authority, does not contend his arrest and indictment were improper, nor does he plead unusual or extraordinary circumstances justifying expungement. Accordingly, the Court lacks the power to expunge Mr. Lowell's criminal record under these circumstances. Mr. Lowell seeks expungement of his indictment to be able to obtain a TSA pre-check, but his proffered interest does not warrant

the remedy of expungement. *See, e.g., United States v. Robinson*, 23 F. Supp. 3d 15, 16 (D.D.C. 2014) ("[E]ven difficulties obtaining employment and securing housing are not regarded as extreme circumstances" justifying expungement).

This Circuit is clear that the Government has a "legitimate need in maintaining criminal records in order to efficiently conduct future criminal investigations." *Doe*, 606 F.2d at 1243. "Retaining and preserving arrest records serve[s] an important function of promoting effective law enforcement" and serves the "compelling public need for an effective and workable criminal identification procedure." *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977) (quotation omitted). Records assist law enforcement with, *inter alia*, criminal identification procedures. *United States v. Salleh*, 863 F. Supp. 283, 284 (E.D. Va. 1994). As a result, expungements of criminal records are rare, without authorizing statute or extraordinary circumstances. "[R]elief usually is granted only in extreme circumstances, the finding of which requires a balancing of the equities between the right of privacy of the individual and the right of law enforcement officers to perform their necessary duties." *Davis*, 2006 WL 1409761, at *2 (internal quotation marks and quotation omitted).

The Court acknowledges the inconveniences a felony indictment may pose when dealing with the Transportation Security Administration and other agencies. That said, Defendant does not present statutory authority in support of his expungement request, nor does he contend his arrest and indictment were improper to warrant expungement. Defendant's inability to obtain a TSA pre-check on its own is insufficient to justify expungement of his criminal record. *See, e.g., United States v. Baccous*, Criminal Action No. 99-0596, 2013 WL 1707961, at *2 (D.D.C. April 22, 2013) (noting that even where the defendant's concerns about his employment and residential opportunities were valid, there was a lack of "extreme circumstances" and expungement of his

3

criminal record was unwarranted). Accordingly, for the foregoing reasons, the Court finds that Mr. Lowell's [2] Motion to Expunge Criminal Record must be denied.

An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE